[No. 7,580.—Department Two.]

R. STEINBACK ET AL. v. THOMAS F. PERKINS ET AL.

CONFIRMATION OF MEXICAN GRANT—PATENT—JURISDICTION.—In an action of ejectment—the plaintiff deraigning title under a patent issued for a confirmed Mexican grant—the defense was that the land in controversy was not included in the petition of the claimant to the Land Commissioners. *Held,* that the Commissioners and the Courts which affirmed their decree, had jurisdiction to determine what land was included in the claim, and that the decree of confirmation and the patent issued in pursuance thereof was conclusive upon this point.

APPEAL from a judgment for the plaintiff in the First District Court, FAWCETT, J., and from an order denying a new trial in the Superior Court, County of Ventura. HINES J.

*S. H. Shepherd* and *F. H. Howard,* for Appellants.

The claim of de Poli to the Land Commission did not embrace the land in question, and the twelfth finding of the court is directly opposed to all the evidence. The land not being embraced in the claim, neither the Commission nor the Courts had any jurisdiction to confirm the same. They could not grant the public lands. (*Brown* v. *Brackett,* 21 Wall. 388–9; *Leese* v. *Clark,* 20 Cal. 388; *Semple* v. *Hagar,* 27 id. 168; *Morrill* v. *Chapman,* 35 id. 88; *Landes* v. *Brant,* 10 How. 373; *U. S.* v. *Pacheco,* 22 id. 226.)

*B. S. Brooks*, for Respondent.

The patent proves the original grant, the presentation of the petition, the regularity of all the proceedings, and that the land granted is correctly located; and while this declaration remains of record the Government itself can not question its verity, much less can parties claiming no title except from the Government by title subsequent to the filing of the petition. (*Stark* v. *Barrett*, 15 Cal. 361; *Waterman* v. *Smith*, 13 id. 373; *Moore* v. *Smaw*, 17 id. 199; *Teschemacher* v. *Thompson*, 18 id. 11; *Ah Hee* v. *Crippen*, 19 id. 491; *Leese* v. *Clark*, 18 id. 535; *Henshaw* v. *Bissell*, 18 Wall. 264.)

Sharpstein, J.

The appellants insist that the judgment and order denying their motion for a new trial ought to be reversed, because de Poli, from whom, through mesne conveyances, the respondents deraign title, did not, in his petition for a confirmation of his claim under a Mexican grant to the land known as the Mission lands of San Buenaventura, include the "Laguna Rancho," which is embraced in said confirmation, and the patent issued in pursuance thereof. It is claimed that the confirmation and patent are void so far as they relate to any land not embraced in the petition. The Court below found that the land in controversy was embraced in the petition, and the appellants attack that finding on the ground that it is not supported by the evidence. The transcript shows that the petition was introduced in evidence on the trial, but does not contain a copy or state the contents of it. We must, therefore, presume that it supported the findings of the Court.

This, however, we deem to be quite immaterial. The final decree of the Commissioners, affirmed as it was by the District and Supreme Courts of the United States, and the patent issued in pursuance thereof, is conclusive as between the United States and the claimant in that proceeding. And the claim of the defendants is based entirely upon the proposition that the patent is void as to part of the land which it purports to convey, and that the title to that part remained in the United States the same as it would if it had been expressly excluded by said confirmation and patent, because

that part was not embraced in the claim which de Poli presented to the Commissioners. But it seems to us that the Commissioners and the Courts which affirmed their decree had jurisdiction to determine what land was embraced in de Poli's claim, and that they must necessarily have determined that question in determining what land he was entitled to.

If the lands in controversy were public lands of the United States, the defendants undoubtedly might defeat the plaintiffs' action by proving that fact. The reverse of that being established, and no other valid defense appearing upon the record, the judgment and order of the Court below must be affirmed.

Judgment and order affirmed.

THORNTON, J., and MORRISON, C. J., concurred.